David W. Reid (SBN 267382)
Scott J. Ferrell (SBN 202091)
PACIFIC TRIAL ATTORNEYS
A PROFESSIONAL CORPORATION
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Tel: 949.706.6464
Fax: 949.706.6469
sferrell@pacifictrialattorneys.com

*Attorneys for Plaintiffs*
Luis Licea and Brittney Mejico

SEYFARTH SHAW LLP
Kristina M. Launey (SBN 221335)
klauney@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:  (916) 448-0159
Facsimile:   (916) 558-4839

*Attorneys for Defendant*
Treasury Wine Estates Americas Company

FILED
CLERK, U.S. DISTRICT COURT
1/17/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MG___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY MEJICO and LUIS LICEA, <br><br> Plaintiffs, <br><br> v. <br><br> TREASURY WINE ESTATES, <br><br> Defendant. | Case No.: 5:19-cv-02121 <br><br> [PROPOSED] <br><br> **CONSENT DECREE AND ORDER FOR INJUNCTIVE AND OTHER RELIEF** |

# CONSENT DECREE AND ORDER

1. Plaintiffs Brittney Mejico and Luis Licea ("Plaintiffs") filed a Complaint ("Complaint") on November 5, 2019, against Defendant, Treasury Wine Estates Americas Company ("TWE" or "Defendant"), alleging that TWE failed to design, construct, and maintain websites, www.etudewines.com, www.chateaustjean.com, and www.stagsleap.com (the "Websites"), in a manner that is fully accessible to and independently usable by Plaintiffs and other blind or visually-impaired people. Plaintiffs allege this resulted in a denial of full and equal access to the Websites, and the products and services offered on the Websites, in violation of Title III of the Americans with Disabilities Act ("ADA")(42 U.S.C. § 12101 et seq.) and California's Unruh Civil Rights Act ("Unruh")(Cal. Civil Code § 51 et seq.), and deterred Plaintiffs from visiting the Websites and TWE's brick and mortar locations.

2. Defendant denies the allegations in the Complaint, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiffs' Complaint filed in this action. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

3. To avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief and damages raised in the Complaint. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for injunctive relief or damages.

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' claims against Defendant for injunctive relief and damages that have arisen out of the Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

2

## I. JURISDICTION

5. The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC § 12101 *et seq.*, and pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 for alleged violations of California Civil Code §§ 51 *et seq.*

## II. INJUNCTIVE RELIEF

6. TWE will, within twelve months of the Effective Date, use good faith efforts to improve the accessibility of the Websites using the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA as a guide. Should the Department of Justice issue final regulations adopting a legal standard for website accessibility that is different from the WCAG 2.0 Level AA, TWE shall have the option of complying with that legal standard, which option it may exercise in its sole discretion.

## III. MONETARY RELIEF

7. Defendant will provide as additional consideration in resolution of all claims that were or could have been made in this or any related action, a monetary sum, as set forth in a Confidential Addendum executed between the Parties separately from this Consent Decree. Plaintiffs agree that neither they nor their attorneys are entitled to any other monetary compensation as a result of the Complaint, this Consent Decree, or any other claim Plaintiffs might have against TWE.

## IV. ENTIRE CONSENT DECREE AND ORDER

8. This Consent Decree and Order, together with the Confidential Addendum referenced in Paragraph 7, constitutes the entire agreement between the Parties on the matters of injunctive relief and damages, attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the

Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described in this Consent Decree.

## V. RELEASE OF CLAIMS

9. For and in consideration of the promises, commitments and undertakings set forth in this Consent Decree, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs and Releasors, shall release Defendant and all Releasees, pursuant to the definitions and terms stated in Paragraph 2 of the Confidential Addendum, as well as the terms of this Section V.

10. Plaintiffs hereby expressly and knowingly waive and relinquish any and all rights that they have or might have relating to the Released Claims under California Civil Code § 1542 (and under any and all other statutes or common law principles of similar effect) which reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

11. Plaintiffs acknowledge that they may hereafter discover facts different from, or in addition to, those which they now believe to be true with respect to the Released Claims. On each of their own behalf and on behalf of all of the Releasees, Plaintiffs agree that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or their discovery of those facts, and that this Consent Decree contemplates the extinguishment of all such Released Claims. By executing this Consent Decree, Plaintiffs acknowledge the following: (a) they are represented by counsel of their own choosing; (b) they have read and fully understand the provisions of California Civil Code § 1542; and (c) they have been specifically advised

59669119v.1
59669119v.2

by their counsel of the consequences of the above waiver and this Consent Decree generally.

12. Plaintiffs expressly covenant that, as against any Releasee, they have not and will not file, initiate, commence, institute, maintain, or prosecute any action at law, suit in equity or other proceeding, or seek damages or other relief incurred or allegedly incurred by them, related to, arising out of, or in any way connected with the Complaint or any Released Claim.

## VI. ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

13. This Consent Decree and Order shall be binding on Plaintiffs, Defendant, and any successors in interest. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or email signature shall have the same force and effect as an original signature.

## VII. TERM OF THE CONSENT DECREE AND ORDER

15. This Consent Decree and Order shall become Effective on the date the Order is signed by the Court ("Effective Date").

16. This Consent Decree and Order shall be in full force and effect and expire by its own terms at the end of 12 months from the Effective Date without further action by the Parties ("Expiration Date").

## VIII. SEVERABILITY

17. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

59669119v.1
59669119v.2

18.   This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

19.   If any Party believes that another Party has failed to comply with any provision of the Consent Decree, the complaining Party shall notify the alleged non-complying Party in writing of such non-compliance and afford the alleged non-complying Party thirty (30) days to remedy the non-compliance or satisfy the complaining Party that the alleged non-complying Party will comply within a certain period of time. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the complaining Party that it has complied within that time, the Parties shall meet and confer regarding the non-compliance. If the Parties are unable to resolve the issue(s), the complaining Party may apply to the Court for appropriate relief. The Court may order appropriate relief should it determine that either Party has not complied with this Decree.

**AGREED:**

| | |
|---|---|
| LUIS LICEA | TREASURY WINE ESTATES AMERICAS COMPANY |
| _____ | By: _____ |
| Date: _____11/06/2019_____ | Date: __11/11/19__ |
| BRITTNEY MEJICO | |
| _____ | |
| Date: _____ | |

6

18.   This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

19.   If any Party believes that another Party has failed to comply with any provision of the Consent Decree, the complaining Party shall notify the alleged non-complying Party in writing of such non-compliance and afford the alleged non-complying Party thirty (30) days to remedy the non-compliance or satisfy the complaining Party that the alleged non-complying Party will comply within a certain period of time. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the complaining Party that it has complied within that time, the Parties shall meet and confer regarding the non-compliance. If the Parties are unable to resolve the issue(s), the complaining Party may apply to the Court for appropriate relief. The Court may order appropriate relief should it determine that either Party has not complied with this Decree.

**AGREED:**

| LUIS LICEA | TREASURY WINE ESTATES AMERICAS COMPANY |
|---|---|
| _____ | By: _____ |
| Date: _____ | Date: _____ |

BRITTNEY MEJICO

_Brittny Mejico_

Date: __11-7-19__

In consideration of the foregoing, the Court hereby approves and enters the Consent Decree and Order for Injunctive and Other Relief.

Dated: January 17, 2020

_____
Jesus G. Bernal
United States District Judge